

**FILED**
**Nov 12, 2024**
**12:04 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Musshur Meener | ) Docket No. 2023-08-3737 |
| | ) |
| v. | ) State File No. 860283-2023 |
| | ) |
| Amazon, et al., and | ) |
| Troy Haley as Administrator of the | ) |
| Bureau of Workers' Compensation | ) |
| Subsequent Injury & Vocational | ) |
| Recovery Fund | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Shaterra R. Marion, Judge | ) |

---

### Affirmed and Remanded

---

The employee avers the trial court erred in its determination that he failed to give proper notice of his alleged work injury in this interlocutory appeal. The employee alleged injuries to his back, neck, and arms due to repetitive lifting of heavy boxes over the course of two days. The employer denied the claim, arguing that it did not receive notice until over a month after the date of the alleged injury. Following an expedited hearing, the trial court issued an order denying the requested benefits, determining the employee failed to show he was likely to prevail at trial in proving he had provided proper notice of his alleged work injury. The court further concluded the employee's testimony lacked credibility. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Musshur Meener, Memphis, Tennessee, employee-appellant, pro se

W. Troy Hart and Megan A. Jones, Knoxville, Tennessee, for the employer-appellee, Amazon

Timothy P. Kellum, Nashville, Tennessee, for the Subsequent Injury and Vocational Recovery Fund

## Factual and Procedural History

Musshur Meener ("Employee") was working for Amazon ("Employer") as a warehouse associate in April 2023. Employee claims an onset of back pain due to moving multiple heavy boxes on April 22 and 23, 2023. He went to the onsite clinic, AmCare, on April 22, 2023, and was given a topical pain cream before returning to work. Employee then went on his own accord to the emergency department of Baptist Hospital on April 30, 2023, at which time he reported no specific injury but indicated that he was experiencing back pain and that his job required him to lift heavy boxes. The attending provider, a physician's assistant, requested X-rays and a CT scan of Employee's spine. The X-rays indicated an L-1 compression fracture, and the CT scan revealed that the edges of the compression fracture were sclerotic, suggesting a longstanding, degenerative condition. Specifically, as to the results of the diagnostic testing, the provider noted, "[b]ased on history and no injuries specifically, likely chronic in nature." Employee was released following administration of pain medication and told to follow up with his primary care physician and an orthopedic specialist.

On May 30, 2023, Employee filed a petition for benefit determination stating his date of injury was April 22 through 23, 2023 and that he had given notice to human resources and "Terrance" at AmCare on May 19, 2023. On June 10, 2023, Employee went back to the same emergency department, where he complained of an injury to his back on May 22 and May 23 from lifting boxes at work. He was seen by a nurse practitioner, who requested thoracic X-rays. She diagnosed Employee with a strain and referred him to his "company orthopedic" doctor. She also completed a "Physician Statement" form with Employer's logo on it, indicating Employee should be working at modified duty or as "directed by company doctor" beginning June 11, 2023.

On June 23, 2023, Employee reported an injury to Employer as occurring on April 22.[1] Employer completed an internal form entitled "Workers' Compensation Referral Notification" indicating Employee had visited AmCare on April 22 but had requested treatment for chronic back pain before returning to work. Following the completion of the incident report, Employer authorized an appointment with Dr. Andrew Sugantheraj with Nova Medical Center on July 3. Dr. Sugantheraj obtained additional X-rays and diagnosed Employee with a sprain of the ligaments of the cervical and lumbar spines, as well as strains of unspecified muscles in both arms. Although the record recommended "evaluation" for physical therapy, there is no formal referral for physical therapy contained in the record.

Following mediation and the issuance of a dispute certification notice, as well as several status conferences, Employee filed a request for hearing on March 19, 2024, but that request was not accompanied by an affidavit or Rule 72 declaration as required by

---

[1] Nothing in the record indicates Employer was aware of the pending Petition for Benefit Determination prior to June 23, 2023.

Bureau rules. Thereafter, the trial court ordered Employee to file a hearing request specifying the relief he was seeking, along with an affidavit, by June 1. Employee then filed a "Hearing Request for Settlement Approval" and indicated temporary and permanent disability and medical benefits were at issue. He also filed an affidavit (which was an email he printed, signed, and had notarized) listing various complaints against Employer, but essentially requesting the benefits as outlined in his hearing request. The court then issued an order setting the expedited hearing for August.

Employee testified at the hearing that, during his work shifts on April 22 and 23, 2023, he moved between two and three thousand heavy boxes, resulting in back pain. He testified he sought treatment at AmCare and then notified Employer on April 27, 2023 of his work injury. According to Employee, he provided a letter reporting his injury to an employee named "Anthony" on that date because his pain was too significant for him to find the plant manager. Employee asserted that another employee named "Melody" witnessed this interaction. He further testified that there would have been video footage of the interaction, but the surveillance camera was not working that day. Finally, he contended that he was instructed to call a human resources number after reporting the injury on April 27 and that he did so. He initially testified he made the call on the same day, then later testified it was after his visit to the emergency department on June 10. Finally, when questioned about the discrepancy between the date he indicated he gave notice in his petition for benefits and his testimony that he gave notice in April, he stated he did not know why he put May 19 as the date he gave notice in his petition.

In response to Employee's allegations, Employer submitted a Rule 72 declaration of its human resources manager, Brennan Reeves, in support of its denial of the claim based on lack of notice. Mr. Reeves stated in his declaration that there was no record of any engagement between company employees identified as "Anthony" and "Melody" and Employee on April 27, 2023, although there was a record Employee was present on Employer's premises on that date. Mr. Reeves asserted the date of notice was June 23, 2023, when Employee completed and signed an "initial report form."

The trial court issued an order on August 22, 2024, denying the requested medical and temporary disability benefits and determining Employee was not likely to prove at trial that he gave proper notice of his injuries pursuant to Tennessee Code Annotated section 50-6-201(a)(1). Moreover, the court did not find Employee's testimony to be credible regarding the alleged notice he reported giving on April 27, 2023. Instead, the court found he did not provide timely written notice or offer any reasonable excuse for failing to do so.[2] As such, the court denied benefits, and Employee has appealed.

---

[2] Employee did not argue in the trial court or on appeal that he had a reasonable excuse for failing to give timely notice. Thus, we need not analyze that issue further.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

On his notice of appeal, Employee appears to assert that the trial court erred in finding he was unlikely to prove that he gave sufficient notice. In his brief, Employee contends the initial onsite visit to AmCare served as notice to Employer of his injury as well as the notice he contends he gave an employee named "Anthony" on April 27, 2023.[3] For its part, Employer contends in its brief that the trial court did not err in its determination that Employee failed to show he was likely to prevail in proving that he gave proper notice.

Tennessee Code Annotated section 50-6-201(a)(1) states:

No compensation shall be payable under this chapter, unless the written notice is given to the employer within fifteen (15) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made

---

[3] Employee filed several documents entitled "Amends Correction Employee's Appeals Brief" on September 3, 5, and 9, respectively. He then filed a "Motion to Clarify Brief Corrections" on September 17, 2024, and a "Motion to Amend Brief" on September 24, 2024. We interpreted the motion as a request to file a reply brief to Employer's brief on appeal. We issued an order dated September 30, 2024, advising Employee had until October 5, 2024 to file a reply brief pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.05(2). Employee filed a response on October 1, reiterating notice was given on April 22 at the time of the AmCare visit. Employee filed another, almost identical, response on October 2. Finally, he filed another "Motion to Clarify Brief Corrections" on October 22, 2204, after the briefing period was complete. As it was almost identical to the September 22, 2024 motion and was filed after the briefing period had expired, we are not considering that filing.

4

to the satisfaction of the tribunal to which the claim for compensation may be presented.

We previously analyzed the notice requirement at length and set out the proper test when notice is contested. *Ernstes v. Printpack, Inc.*, No. 2020-07-0617, 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *34-35 (Tenn. Workers' Comp. App. Bd June 6, 2023), *aff'd*, No. W2023-00863-SC-R3-WC-2024, 2024 Tenn. LEXIS 1, at *5 (Tenn. Workers' Comp. Panel Jan. 2, 2024). In *Ernstes*, we stated:

> In future cases, therefore, we conclude that trial courts evaluating the issue of notice should consider the following:
>
> A.     Did the employee provide timely written notice of the alleged work-related injury?
>
> B.     If no timely written notice was provided, did the employer have "actual knowledge" of the alleged work-related accident or injury?
>
> C.     If no timely written notice was provided and no actual knowledge has been proven, did the employee show a "reasonable excuse" for the failure to give proper notice to the employer? In considering whether the employee has shown by a preponderance of the evidence a reasonable excuse, a court can consider, among other things: (1) the employer's actual knowledge of the employee's injury, (2) lack of prejudice to the employer by an excusal of the notice requirement, and (3) the excuse or inability of the employee to timely notify the employer.
>
> D.     If the court determines that: (1) no timely written notice was provided; (2) the employer did not have actual knowledge of the alleged accident or injury; and (3) the employee did not prove a reasonable excuse for the failure to give timely notice, the claim should be denied and dismissed.
>
> E.     If written notice was provided, but the employer affirmatively asserts there was a defect or inaccuracy in the notice, the burden of proof shifts to the employer to prove actual prejudice it suffered as a result of the defective or inaccurate notice and, if such prejudice is found, the trial court can fashion a remedy, if appropriate, "only to the extent of the prejudice."

*Id*. (internal citations omitted).

In the present case, the trial court utilized the *Ernstes* test in determining Employee had not come forward with sufficient evidence at the expedited hearing to prove he gave proper notice of his alleged work injury within fifteen days of its occurrence. The trial court relied on the inconsistencies in the petition for benefit determination, Employee's testimony regarding when he gave notice of his alleged injury, and its finding that Employee's testimony lacked credibility in making this determination. It also relied on Employer's Rule 72 declaration disputing Employee's allegation that he provided written notice to Employer on April 27, 2023.

The law is clear that "[w]hen the trial court has heard in-court testimony, considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given that testimony." *Sirkin v. Trans Carriers, Inc.*, No. 2015-08-0292, 2016 TN Wrk. Comp. App. Bd. LEXIS 22, at \*8-9 (Tenn. Workers' Comp. App. Bd. May 9, 2016) (quoting *Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008)). Here, the trial court specifically stated Employee's "testimony seemed defensive with no explanation for the inconsistencies." It did not find Employee's testimony regarding notice given to the onsite clinic on April 22, 2023 or his alleged interaction of April 27, 2023 to be credible and, thus, found Employer did not receive written notice within fifteen days or have actual knowledge of the injury. In short, we cannot conclude that the evidence preponderates against the trial court's decision to deny benefits based on a lack of sufficient evidence of proper notice at this interlocutory stage of the case.

## Conclusion

For the foregoing reasons, we affirm the trial court's decision denying medical and temporary benefits, and we remand the case. Costs on appeal are waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Musshur Meener | ) | Docket No. 2023-08-3737 |
| | ) | |
| v. | ) | State File No. 860283-2023 |
| | ) | |
| Amazon, et al., and | ) | |
| Troy Haley as Administrator of the | ) | |
| Bureau of Workers' Compensation | ) | |
| Subsequent Injury & Vocational | ) | |
| Recovery Fund | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of November, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Musshur Meener | | | | X | musshurfragranceworld@gmail.com |
| W. Troy Hart<br>Megan Jones | | | | X | wth@mijs.com<br>majones@mijs.com |
| Timothy Kellum | | | | X | timothy.kellum@tn.gov |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov